JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9905 | **DATE** | 5/14/2002 |
| **CASE TITLE** | Manoj Saxena vs. Virtulabs, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny Virtulabs' motion (Doc 6-1) to dismiss the complaint for lack of jurisdiction and venue but grant their alternative motion to transfer the case to the United States District Court for the Southern District of Ohio. So ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 15 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | MAY 15 2002 | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MANOJ SAXENA, )
)
        Plaintiff, )
)
vs. ) 01 C 9905
)
VIRTUALABS, INC., )
)
        Defendant. )

## MEMORANDUM OPINION

**DOCKETED**

CHARLES P. KOCORAS, District Judge:

MAY 15 2002

This matter comes before the court on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), or, in the alternative, on a motion to transfer the matter to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a) by Defendant Virtualabs, Inc. For the reasons set forth below, we deny the motion to dismiss but grant the motion to transfer.

## BACKGROUND

The complaint contains the following factual allegations which we must accept as true for purposes of this motion to dismiss. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Plaintiff Manoj Saxena ("Saxena") is a citizen of India who resides in Illinois. Defendant Virtualabs is a provider of

15

information technology services. Ohio is the state of incorporation as well as the principal place of business for the company.

On December 19, 1998, Saxena and Virtualabs entered into a written employment agreement ("1998 agreement"). According to the 1998 agreement, Virtualabs would to pay Saxena $50,000 per year as a full-time employee. Saxena subsequently found placement as an information technology consultant with various companies through Virtualabs in and around Chicago.

Paragraph 8(a) of the 1998 agreement states that it "shall be construed in accordance with the laws of the State of Ohio." Paragraph 8(b) provides, in relevant part, that the employee

> consents to and submits Employee to the personal "in personam" jurisdiction of any state or federal court of competent jurisdiction situated in the State of Ohio where this Agreement was made and agrees that all such courts shall have jurisdiction over Employee with respect to any and all legal proceedings brought by or against Employee hereunder as Virtualabs may elect; and waives any objection is [sic] improper that the venue of such legal proceedings in any such courts or that such legal proceedings were brought in an inconvenient forum....

On February 11, 2001, Virtualabs terminated Saxena's employment. The following day, Saxena and Virtualabs entered into another employment agreement

("2001 agreement"), which also contained the quoted provision with regard to suits brought under the agreement.

On December 27, 2001, Saxena filed the present action, alleging two counts of breach of contract, two counts of fraud in the inducement, and one count of declaratory relief regarding the enforceability of a contract term. Virtualabs now moves to dismiss the complaint pursuant to Rules 12(b)(2) and 12(b)(3) based upon lack of personal jurisdiction over the parties and improper venue. In the alternative, they argue that this matter should be transferred to the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

In support of their motion to dismiss, Virtualabs looks to the forum selection clause contained in the 1998 and 2001 agreements. In their view, the clause's language strips any court outside of Ohio of jurisdiction and venue. Saxena contends that the clause allows but does not require suit to be brought in Ohio. To resolve this dispute, we must take a careful look at the wording of the pertinent clause.

Although once disfavored, forum selection clauses are now presumed valid, unless the party opposing the clause can show that it is unreasonable. See The Bremen v. Zapata Off-Shore Co., 92 S.Ct. 1907, 1913 (1972); Bonny v. The Society of Lloyd's, 3 F.3d 156, 160 (7th Cir. 1993). These clauses can be either mandatory or permissive. To be considered mandatory, a forum selection clause must clearly express an intent that the chosen forum is both compulsory and exclusive, either by its own terms or in

conjunction with a choice of venue provision that explicitly provides that venue is proper only within the chosen forum. Paper Express, Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 756 (7th Cir. 1992). Although no specific set or arrangement of words is required to make a clause mandatory, the intent of the parties to foreclose suit in any forum other than that named in the agreement must be evident from the contractual language. See e.g., Carnival Cruise Lines v. Shute, 111 S. Ct. 1522, 1524 (1991) ("all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A., to the exclusion of the Courts of any other state or country"); The Bremen, 92 S. Ct. at 1909 ("Any dispute arising must be treated before the London Court of Justice"); Bonny, 3 F.3d at 158 ("[the] courts of England shall have exclusive jurisdiction to settle any dispute and/or controversy of whatsoever nature arising out of or relating to [the agreement]"); Paper Express, 972 F.2d at 755 ("Exclusive place of jurisdiction is Ahrensburg[, Germany]...all disputes arising out of the contractual relationship...shall be filed in [Ahrensburg]"); Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 374 (7th Cir. 1990) ("Venue...shall be in [Milwaukee County]").

In contrast, a permissive forum selection clause evidences the parties' intent that the chosen state is a possible, but not the sole, arena in which a suit can be filed. These clauses prevent a party from contesting the propriety of jurisdiction or venue within the named forum but present no impediment to jurisdiction or venue in a forum other than the one specified in the agreement. See, e.g., Computer Express Int'l, Ltd. v. MicronPC,

2001 WL 1776162 (E.D.N.Y. Dec. 21, 2001) ("Customer acknowledges and agrees that Idaho is an appropriate place for venue of any litigation and that Idaho courts have jurisdiction over this agreement and customer"); Hyland Lakes Spuds, Inc. v. H.C. Schmieding Produce Co., 25 F. Supp. 2d 941, 942 (E.D. Wis. 1998) ("all of the parties [to this contract] consent to be subject to the jurisdiction of the courts of the State of Arkansas concerning any disputes arising out of the formation or performance of this contract"); Rivera Finance v. Trucking Servs., Inc., 904 F. Supp. 837, 839 (N.D. Ill. 1995) ("Client hereby consents to the nonexclusive jurisdiction of the local, state or federal court located with [sic] the State of Illinois"); Dobris v. Format, Inc., 1989 WL 140305 (S.D.N.Y. Nov. 16, 1989) ("jurisdiction shall be vested in either the Circuit [Court] of Cook County or the United States District Court for the Northern District of Illinois, and that proper venue exists in Cook County, Illinois, and that neither party shall assert that another jurisdiction is a more convenient forum in which to litigate"); Pioneer Life Ins. v. Anderson, 1988 WL 143726, at *1, *2 (N.D. Ill. Dec. 21, 1988) ("Winnebago County, Illinois shall be the place of jurisdiction for service and legal purposes"); All-Tech Industries, Inc. v. Freitag Electronic, GmbH, 1988 WL 84719 (N.D. Ill. Aug. 5, 1988) ("Place of jurisdiction is Bad Segeberg[, Germany]"); Walter E. Heller & Co. v. James Godbe Co., 601 F. Supp. 319, 320 (N.D. Ill. 1984) ("Lessee does hereby submit to the jurisdiction of any courts...within the State of Illinois with respect to any dispute, claim or suit arising out of or relating to this Lease...[t]he undersigned do hereby submit to the jurisdiction of any court...within the State of

Illinois"); G.H. Miller & Co. v. Hanes, 566 F. Supp. 305, 306 (N.D. Ill. 1983) ("I specifically consent to and submit to the jurisdiction of the courts of the State of Illinois for the purpose of adjudicating any and all disputes which may arise with you hereunder").

When compared with the aforementioned examples, the language at issue in this case is clearly permissive. They operate to prevent Saxena from objecting to venue and personal jurisdiction had Virtualabs chosen to sue him in Ohio, but they contain no evidence of an intent to divest the courts of Illinois or any other state from exercising otherwise proper jurisdiction. Because Virtualabs has mounted no other attack on jurisdiction or venue in this case, their motion to dismiss is denied.

We turn now to Virtualabs' motion to transfer under 28 U.S.C. § 1404(a), which provides that an action can be transferred to another district where it could have originally been brought if it is more convenient for the parties, the witnesses, and the court to do so. The decision to transfer an action pursuant to 28 U.S.C. § 1404(a) is within the sound discretion of the trial judge. See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986). The moving party has "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." Coffey, 796 F.2d at 219-20.

To determine whether transfer is appropriate, we must initially examine whether venue is proper within our district, whether the action could have been originally brought in the Southern District of Ohio, and whether the transfer will both be

convenient for the parties and witnesses and serve the interests of justice. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). The complaint alleges that a substantial part of the events at issue in this case took place in our district, making venue proper in our court and satisfying the first requirement. 28 U.S.C. § 1391. As for the second prong, the action certainly could have been brought in the Southern District of Ohio. Virtualabs is an Ohio corporation and its principal place of business is within that district, conferring both personal jurisdiction over Virtualabs and venue for the action. In addition, by virtue of the forum selection clause, Saxena would have to submit to a suit that was brought in the Ohio court.

The third factor focuses on the interests of the parties as well as the interests of the court. In determining if the transfer is convenient for the parties, we take into consideration the plaintiff's chosen forum, the locations of the material events, the relative ease of access to sources of proof in each forum, as well as the relative convenience for the parties and their witnesses. Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). Although Virtualabs has moved for a transfer of venue, they have supplied us with few facts beyond the existence of the forum selection clause to illuminate their position. This forces us to rely on what we can glean from the parties' submissions, a less than ideal situation.

Saxena has chosen to sue in his home forum, a choice that is given substantial weight as long as that state has a significant connection to the claim. Id. at 960-61. In this case, Saxena has alleged that the second agreement was formed in Illinois and that

his performance under the contracts took place entirely in Illinois, as well as claiming that Virtualabs' purported nonperformance caused him injury within this state. Illinois' connection to this cause of action does not appear to be as significant as that of Ohio, but there is enough of a connection to demonstrate that Saxena's rationale for choosing Illinois goes beyond merely seeking a home court advantage. The first factor thus supports keeping the case in this district.

Turning to the location of the material events, this case focuses on the action or inaction of Virtualabs. Accordingly, many, if not most, of the events relevant to the issues presented would have happened in Ohio. To be sure, some important occurrences took place in Illinois, most notably the formation of the second agreement, but on balance, this factor favors transfer.

The next two factors also tip the scales toward transfer to Ohio. Because Saxena consented to be subject to suit in Ohio, he is no longer entitled to assert his own inconvenience in conducting an action within that jurisdiction. See Midwhey, 883 F.2d at 1293. Needless to say, Ohio would be much more convenient for Virtualabs with regard to access to evidence and witnesses as well as other logistical considerations.

Finally, we must look to whether transfer would serve the interests of justice, a decision that weighs at least four factors: the speed with which the case will be resolved, the familiarity of the transferor court with the law that will apply to the dispute, the communities' relation to the challenged occurrences, and the desirability of resolving disputes where they arise. Amoco, 90 F. Supp. 2d at 961-62. Consideration of these

factors within the context of this case does not lead us to conclude that either state would provide a forum that is clearly more likely to promote the efficient administration of the courts. Accordingly, this factor does not weigh for or against transfer of the case.

Balancing our findings on all of these issues, we conclude that Ohio is the forum most conducive to proper resolution of this case, and transfer of this case to the Southern District of Ohio is therefore appropriate.

## CONCLUSION

Based on the foregoing analysis, we deny Virtualabs' motion to dismiss the complaint for lack of jurisdiction and venue but grant their motion to transfer the case to the Southern District of Ohio.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: May 14, 2002